**FILED**

APR 2 4 2007

**MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

$\mathcal{JH}$

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LAURA DICHRISTOFANO,                )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )
                                    )
THE NEIMAN MARCUS GROUP, INC.,
OTIS ELEVATOR COMPANY AND
UNITED TECHNOLOGIES
CORPORATION.
                                    )
    Defendants.                     )

**07CV2250
JUDGE KENDALL
MAG. JUDGE COLE**

### NOTICE OF REMOVAL OF A CIVIL ACTION

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION.**

**NOW COMES** Defendant, THE NEIMAN MARCUS GROUP, INC.,

("NEIMAN MARCUS"), by its attorneys, BELGRADE AND O'DONNELL,

P.C., and for its NOTICE OF REMOVAL, states as follows:

1.    An action has been commenced against NEIMAN MARCUS in

the Circuit Court of the State of Illinois, Cook County, County

Department, Law Division, entitled Laura DiChristofano v. The

Neiman Marcus Group, Inc., Otis Elevator Company, and United

Technologies Corporation, Case No. 06 L 9971.

2.    This action was commenced against NEIMAN MARCUS in the

Illinois state court on September 20, 2006, and is now pending

therein.

3.    On or about January 29, 2006, NEIMAN MARCUS received

service of a Summons and the Complaint in the above-entitled

action. Copies of the Summons and Complaint are attached hereto
and incorporated herein as Exhibit "A" and constitute all
process, pleadings and orders served upon Defendant, NEIMAN
MARCUS, in this action.

4.    With leave of court, NEIMAN MARCUS filed its
responsive pleading to Plaintiff's Complaint at Law on March 13,
2007. (See Order and NEIMAN MARCUS' Answer attached as Group
Exhibit "B".)

5.    As of the filing of NEIMAN MARCUS' responsive pleading
to Plaintiff's complaint at law in the state court, NEIMAN
MARCUS could not ascertain whether the case was removable
because Plaintiff, LAURA DICHRISTOFANO, by and through her
attorneys, CLIFFORD LAW OFFICES, P.C., only generally alleged
that "Plaintiff, LAURA DICHRISTOFANO, demands judgment against
defendant THE NEIMAN MARCUS GROUP, INC., in the amount in excess
of Fifty Thousand Dollars ($50,000.00)," but Plaintiff alleged
that the injuries she sustained were "severe, permanent and
painful."

6.    Furthermore, Counsel for LAURA DICHRISTOFANO allege
that she has suffered both internal and external injuries,
requiring extensive and expensive medical treatment, and will
require same during her endeavor to become healed. Additionally,
she will be prevented from attending to the usual duties and
affairs of her life. LAURA DICHRISTOFANO was transported to

2

Hinsdale Hospital and medical records purport that she exhibited fractures in both the left humerus and left hip.

7. Based on these medical records provided by Plaintiffs' counsel, on March 14, 2007, Defense counsel served Plaintiff with a request to admit that, "Plaintiff seeks damages in excess of $75,000.00," (A Copy of NEIMAN MARCUS' Request to Admit is attached hereto and incorporated herein as Group Exhibit "C".) Plaintiff had 28 days in which to respond to Defense counsel's request to admit, and has yet to respond.

8. To date, Plaintiff has failed to file a response to NEIMAN MARCUS' Request to Admit. Pursuant to Illinois Supreme Court Rule 216 said Request to Admit is deemed admitted.

9. Due to the claimed severity of Plaintiff LAURA DICHRISTOFANO'S alleged injuries, and Plaintiff's admission, by and through his attorneys, CLIFFORD LAW OFFICES, P.C., that Plaintiff seeks damages in excess of $75,000.00 and that, Plaintiff LAURA DICHRISTOFANO was caused to sustain "severe, permanent and painful" injuries as a result of the occurrence, Defendant NEIMAN MARCUS, and co-Defendants OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIS CORPORATION believe that Plaintiff is seeking damages that exceed the sum of $75,000.00, exclusive of costs and interest. In support thereof, Defendant attaches the affidavit of its counsel, Ross M. Kucera, which affidavit is attached hereto and incorporated herein as Exhibit "D".

3

10. As such, (a) the matter in controversy exceeds the sum of $75,000.00, exclusive of costs and interest; and (b) the instant action is between a citizen and corporations which are domiciled in different states because at the time of the commencement of this action, Defendant NEIMAN MARCUS is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas; Co-Defendant Otis Elevator Company, upon information and belief, is and was a corporation incorporated under the laws of the State of New Jersey with its principal place of business in the State of Connecticut; Co-Defendant United Technologies Corporation, upon information and belief, is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Connecticut, and Plaintiff is a citizen of the State of Illinois.

11. Co-Defendants have consented to the removal of the action to the Northern District of Illinois. (See Affidavit of Ross M. Kucera, attached as Exhibit "D".)

12. In Plaintiff's Complaint At Law, Plaintiff states that she is a citizen of Berwyn, County of Cook, of the State of Illinois.

13. This action was brought in the State of Illinois; the Defendants were not at the time of the institution of the action

4

or nor are now, corporations incorporated under the laws of the State of Illinois; and the Defendants did not have at the time of the institution of this action, or now, their principal place of business in the State of Illinois.

14. Defendants NEIMAN MARCUS and OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION have already filed their responsive pleadings in the state court. Copies of Defendants' Answers and Affirmative Defenses are attached hereto and incorporated herein as Exhibits "B," and "E" respectively, and constitute the responsive pleadings filed by Defendants to Plaintiff's complaint filed by her, and Plaintiff's responses, in this action.

**WHEREFORE**, based upon the grounds for removal set forth above, Defendant, THE NEIMAN MARCUS GROUP, Inc., has filed this Notice of Removal, removing the instant action from the Circuit Court of the State of Illinois for Cook County to this Court.

THE NEIMAN MARCUS GROUP, INC.

By: _____
    One of Its Attorneys

John A. O'Donnell
George M. Velcich
Ross M. Kucera
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois 60606

STATE OF ILLINOIS    )
                     )SS
COUNTY OF COOK       )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LAURA DiCHRISTOFANO,            )
                               )
          Plaintiff,           )
                               )
v.                             )     No.
                               )
THE NEIMAN-MARCUS GROUP, INC., )     *Plaintiff Demands Trial By Jury*
OTIS ELEVATOR COMPANY, and     )
UNITED TECHNOLOGIES            )
CORPORATION                    )
                               )
          Defendants           )

## COMPLAINT AT LAW

### COUNT I

### NEGLIGENCE - THE NEIMAN-MARCUS GROUP, INC.

Plaintiff, LAURA DiCHRISTOFANO, through her attorneys, CLIFFORD LAW OFFICES,

complaining of Defendant, THE NEIMAN-MARCUS GROUP, INC., a Delaware corporation,

states as follows:

1.    At all times relevant herein, Plaintiff, LAURA DiCHRISTOFANO was a resident

of the city of Berwyn, County of Cook, State of Illinois.

2.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC.,

was a Delaware corporation doing business in the County of Cook, and the State of Illinois.

3.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC.,

owned certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of

DuPage, State of Illinois, operating same as a retail shopping facility.



4.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., operated certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

5.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., managed certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

6.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., maintained certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

7.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., supervised certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

8.    On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., controlled certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

9.    At all times relevant herein, said property offered pedestrian escalators within the facility for the use and benefit of persons lawfully on the property.

10.    At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the operation of aforementioned retail shopping facility, including escalators located therein.

2

11.    At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the maintenance of aforementioned retail shopping facility, including escalators located therein.

12.    At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the repair of aforementioned retail shopping facility, including escalators located therein.

13.    On November 17, 2004, Plaintiff, Laura DiCHRISTOFANO entered the Neiman Marcus retail shopping facility located at 6 Oakbrook Center as an invitee of Defendant, THE NEIMAN-MARCUS GROUP, INC., for the purpose of browsing for retail goods.

14.    On the aforementioned date and at the aforementioned place, Plaintiff, LAURA DiCHRISTOFANO needed to use certain escalators offered to pedestrians within the Defendant's facility to gain access to a different floor.

15.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., knew that patrons used the escalators as a principal means of egress to and from upper and lower floors.

16.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., knew, or in the exercise of reasonable care should have known, that said means of egress posed an unreasonable risk of harm to patrons using same.

17.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., knew, or in the exercise of reasonable care should have known, that patrons using the escalators within their facility would encounter an unreasonably dangerous condition known or created by

3

Defendant, THE NEIMAN-MARCUS GROUP, INC., through its agents. servants, and/or employees.

18.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., had a duty to operate, maintain, and control the premises, and more specifically, the escalators, with due care and caution so as not to injure persons lawfully on said premises.

19.    Notwithstanding said duty, and in breach thereof, Defendant, THE NEIMAN-MARCUS GROUP, INC., was guilty of the following negligent acts or omissions:

    a.    Carelessly failed to maintain the escalators when it knew, or in the exercise of reasonable care should have known, that the condition of the escalators posed an unreasonably dangerous condition for patrons standing/riding on same;

    b.    Failed to adequately inspect, maintain, and/or repair said escalators, thereby creating a hazardous condition for its invitees standing/riding on same;

    c.    Carelessly created, and/or caused a dangerous condition to exist by failing to inspect, maintain, and/or repair said escalators thereby creating an unreasonably dangerous condition for invitees standing/riding on same;

    d.    Carelessly created, and/or allowed the creation and existence of a principal means of egress to upper and lower floors of its facility which violated the customs and practices and standards of commercial property maintenance which require such areas to be free of such hazards;

    e.    Carelessly failed to warn its invitees, including Plaintiff, LAURA DiCHRISTOFANO, of the aforementioned unreasonably dangerous conditions of the escalators on its premises; and

    f.    Carelessly operated said escalator during business hours on the date of the occurrence.

20.    As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, THE NEIMAN-MARCUS GROUP, INC., the escalator upon which the Plaintiff, LAURA DiCHRISTOFANO, was lawfully riding suddenly stopped and jerked,

4

throwing the Plaintiff forward and causing her to twist her body and impact the descending steps of said escalator awkwardly and unnaturally, severely injuring herself.

21.    As a further direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, THE NEIMAN-MARCUS GROUP, INC., Plaintiff, LAURA DiCHRISTOFANO, sustained severe, permanent, and painful injuries, both internally and externally, requiring extensive and expensive medical treatment, and will continue to require same, for which she has become liable for and will continue to become liable for large sums of money endeavoring to become healed, was and will be prevented from attending the usual duties and affairs of her life, and lost and continues to lose the value of that time.

WHEREFORE, Plaintiff, LAURA DiCHRISTOFANO, demands judgment against Defendant, THE NEIMAN-MARCUS GROUP, INC., in the amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT II

## NEGLIGENCE - COMMON CARRIER-THE NEIMAN-MARCUS GROUP, INC.

Plaintiff, LAURA DiCHRISTOFANO, through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, THE NEIMAN-MARCUS GROUP, INC., a Delaware corporation, states as follows:

1.    At all times relevant herein, Plaintiff, LAURA DiCHRISTOFANO was a resident of the city of Berwyn, County of Cook, State of Illinois.

2.    At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., was a Delaware corporation doing business in the County of Cook, and the State of Illinois.

5

3.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., owned certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

4.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., operated certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

5.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., managed certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

6.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., maintained certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

7.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., supervised certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

8.     On and before November 17, 2004, THE NEIMAN-MARCUS GROUP, INC., controlled certain commercial property at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

9.     At all times relevant herein, said property offered pedestrian escalators within the facility for the use and benefit of persons lawfully on the property.

6

10.     At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the operation of aforementioned retail shopping facility, including escalators located therein.

11.     At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the maintenance of aforementioned retail shopping facility, including escalators located therein.

12.     At all times relevant herein, THE NEIMAN MARCUS GROUP, INC., through its agents, servants, and employees oversaw the repair of aforementioned retail shopping facility, including escalators located therein.

13.     At all times relevant herein, Defendant, THE NEIMAN-MARCUS GROUP, INC., was a common carrier.

14.     Defendant, THE NEIMAN-MARCUS GROUP, INC., as a common carrier operating an escalator at the aforementioned retail shopping facility at the time of the occurrence, owed Plaintiff, LAURA DiCHRISTOFANO, a passenger on said escalator, the highest degree of care to protect her from the danger of injury which it knew or should have anticipated while riding said escalator, from facts and circumstances known to it.

15.     Notwithstanding said duty, the Defendant, THE NEIMAN-MARCUS GROUP, INC., through its agents, servants, and employees, or others for whom it was vicariously liable, was guilty of one or more of the following acts or omissions:

        a.     Carelessly failed to maintain the escalators when it knew, or in the exercise of reasonable care should have known, that the condition of the escalators posed an unreasonably dangerous condition for patrons standing/riding on same;

7

b.    Failed to adequately inspect, maintain, and/or repair said escalators, thereby creating a hazardous condition for its invitees standing/riding on same;

c.    Carelessly created, and/or caused a dangerous condition to exist by failing to inspect, maintain, and/or repair said escalators thereby creating an unreasonably dangerous condition for invitees standing/riding on same;

d.    Carelessly created, and/or allowed the creation and existence of a principal means of egress to upper and lower floors of its facility which violated the customs and practices and standards of commercial property maintenance which require such areas to be free of such hazards;

e.    Carelessly failed to warn its invitees, including Plaintiff, LAURA DiCHRISTOFANO, of the aforementioned unreasonably dangerous conditions of the escalators on its premises; and

f.    Carelessly operated said escalator during business hours on the date of the occurrence.

16.    As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, THE NEIMAN-MARCUS GROUP, INC., the escalator upon which the Plaintiff, LAURA DiCHRISTOFANO, was lawfully riding suddenly stopped and jerked, throwing the Plaintiff forward and causing her to twist her body and impact the descending steps of said escalator awkwardly and unnaturally, severely injuring herself.

17.    As a direct and proximate cause of one or more of the aforementioned acts or omissions of Defendant, THE NEIMAN-MARCUS GROUP, INC., Plaintiff, LAURA DiCHRISTOFANO sustained severe, permanent, and painful injuries, both internally and externally, requiring extensive and expensive medical treatment, and will continue to require same, for which she has become liable for and will continue to become liable for large sums of money endeavoring to become healed, was and will be prevented from attending the usual duties and affairs of her life, and lost and continues to lose the value of that time.

8

NEIMAN MARCUS LEGAL DEPT @013/019

WHEREFORE, Plaintiff, LAURA DiCHRISTOFANO, demands judgment against Defendant, THE NEIMAN-MARCUS GROUP, INC., in the amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III - NEGLIGENCE - UNITED TECHNOLOGIES CORPORATION

Plaintiff, LAURA DiCHRISTOFANO, through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, UNITED TECHNOLOGIES CORPORATION, an Alabama corporation, states as follows:

1.     At all times relevant herein, Plaintiff, LAURA DiCHRISTOFANO was a resident of the city of Berwyn, County of Cook, State of Illinois.

2.     At all times relevant herein, Defendant, UNITED TECHNOLOGIES CORPORATION was an Alabama corporation doing business in the County of Cook and the State of Illinois.

3.     On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION manufactured certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

4.     On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION sold certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

5.     On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION distributed certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

9

6.    On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION installed certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

7.    On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION maintained certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

8.    On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION supervised certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

9.    On and before November 17, 2004, UNITED TECHNOLOGIES CORPORATION controlled certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

10.    At all times relevant herein, UNITED TECHNOLOGIES CORPORATION, through its agents, servants, and employees oversaw the operation of aforementioned escalators.

11.    At all times relevant herein, UNITED TECHNOLOGIES CORPORATION, through its agents, servants, and employees oversaw the maintenance of aforementioned escalators.

12.    At all times relevant herein, UNITED TECHNOLOGIES CORPORATION, through its agents, servants, and employees oversaw the repair of aforementioned escalators.

13.    On November 17, 2004, Plaintiff, Laura DiCHRISTOFANO entered the Neiman Marcus retail shopping facility located at 6 Oakbrook Center as an invitee of Defendant, THE NEIMAN-MARCUS GROUP, INC., for the purpose of browsing for retail goods.

10

02/02/2007 14:37 FAX

NEIMAN MARCUS LEGAL DEPT

☑014/019

14. On the aforementioned date and at the aforementioned place, Plaintiff, LAURA DiCHRISTOFANO needed to use certain escalators offered to pedestrians within the Defendant, THE NEIMAN-MARCUS GROUP, INC.'s, retail shopping facility to gain access to a different floor.

15. At all times relevant herein, Defendant, UNITED TECHNOLOGIES CORPORATION had a duty to operate, maintain, and control the escalators with due care and caution so as not to injure persons lawfully riding said escalators.

16. Notwithstanding said duty, and in breach thereof, Defendant, UNITED TECHNOLOGIES CORPORATION, was guilty of the following negligent acts or omissions:

    a.   Carelessly failed to maintain the escalators when it knew, or in the exercise of reasonable care should have known, that the condition of the escalators posed an unreasonably dangerous condition for patrons standing/riding on same;

    b.   Failed to adequately inspect, maintain, and/or repair said escalators, thereby creating a hazardous condition for its invitees standing/riding on same;

    c.   Carelessly created, and/or caused a dangerous condition to exist by failing to inspect, maintain, and/or repair said escalators thereby creating an unreasonably dangerous condition for invitees standing/riding on same;

17. As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, UNITED TECHNOLOGIES CORPORATION, the escalator upon which the Plaintiff, LAURA DiCHRISTOFANO, was lawfully riding suddenly stopped and jerked, throwing the Plaintiff forward and causing her to twist her body and impact the descending steps of said escalator awkwardly and unnaturally, severely injuring herself.

18. As a further direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, UNITED TECHNOLOGIES CORPORATION,

11

Plaintiff, LAURA DiCHRISTOFANO, sustained severe, permanent, and painful injuries, both internally and externally, requiring extensive and expensive medical treatment, and will continue to require same, for which she has become liable for and will continue to become liable for large sums of money endeavoring to become healed, was and will be prevented from attending the usual duties and affairs of her life, and lost and continues to lose the value of that time.

WHEREFORE, Plaintiff, LAURA DiCHRISTOFANO, demands judgment against Defendant, UNITED TECHNOLOGIES CORPORATION in the amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

## COUNT III – NEGLIGENCE - OTIS ELEVATOR COMPANY

Plaintiff, LAURA DiCHRISTOFANO, through her attorneys, CLIFFORD LAW OFFICES, complaining of Defendant, OTIS ELEVATOR COMPANY, a New Jersey corporation, states as follows:

1. At all times relevant herein, Plaintiff, LAURA DiCHRISTOFANO was a resident of the city of Berwyn, County of Cook, State of Illinois.

2. At all times relevant herein, Defendant, OTIS ELEVATOR COMPANY was a New Jersey corporation doing business in the County of Cook and the State of Illinois.

3. On and before November 17, 2004, OTIS ELEVATOR COMPANY manufactured certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

4. On and before November 17, 2004, OTIS ELEVATOR COMPANY sold certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

12

Feb-07-2007 09:59am From-AJMCGUA                 +                   T-647  P.018/021  F-643

02/02/2007 14:38 FAX                NEIMAN MARCUS LEGAL DEPT               ☑017/019

5.    On and before November 17, 2004, OTIS ELEVATOR COMPANY distributed certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

6.    On and before November 17, 2004, OTIS ELEVATOR COMPANY installed certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

7.    On and before November 17, 2004, OTIS ELEVATOR COMPANY maintained certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

8.    On and before November 17, 2004, OTIS ELEVATOR COMPANY supervised certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

9.    On and before November 17, 2004, OTIS ELEVATOR COMPANY controlled certain escalators present at 6 Oakbrook Center in the City of Oakbrook, County of DuPage, State of Illinois, operating same as a retail shopping facility.

10.    At all times relevant herein, OTIS ELEVATOR COMPANY, through its agents, servants, and employees oversaw the operation of aforementioned escalators.

11.    At all times relevant herein, OTIS ELEVATOR COMPANY, through its agents, servants, and employees oversaw the maintenance of aforementioned escalators.

12.    At all times relevant herein, OTIS ELEVATOR COMPANY, through its agents, servants, and employees oversaw the repair of aforementioned escalators.

13

Feb-07-2007  09:59am  From-AJMCGUAY                                    T-647  P.020/021  F-643

02/02/2007  14:38 FAX                  NEIMAN MARCUS LEGAL DEPT                      ☑018/019

13.  On November 17, 2004, Plaintiff, Laura DiCHRISTOFANO entered the Neiman Marcus retail shopping facility located at 6 Oakbrook Center as an invitee of Defendant, THE NEIMAN-MARCUS GROUP, INC., for the purpose of browsing for retail goods.

14.  On the aforementioned date and at the aforementioned place, Plaintiff, LAURA DiCHRISTOFANO needed to use certain escalators offered to pedestrians within the Defendant, THE NEIMAN-MARCUS GROUP, INC.'s, retail shopping facility to gain access to a different floor.

15.  At all times relevant herein, Defendant, OTIS ELEVATOR COMPANY had a duty to operate, maintain, and control the escalators with due care and caution so as not to injure persons lawfully riding said escalators.

16.  Notwithstanding said duty, and in breach thereof, Defendant, OTIS ELEVATOR COMPANY, was guilty of the following negligent acts or omissions:

a.  Carelessly failed to maintain the escalators when it knew, or in the exercise of reasonable care should have known, that the condition of the escalators posed an unreasonably dangerous condition for patrons standing/riding on same;

b.  Failed to adequately inspect, maintain, and/or repair said escalators, thereby creating a hazardous condition for its invitees standing/riding on same;

c.  Carelessly created, and/or caused a dangerous condition to exist by failing to inspect, maintain, and/or repair said escalators thereby creating an unreasonably dangerous condition for invitees standing/riding on same;

17.  As a direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, OTIS ELEVATOR COMPANY, the escalator upon which the Plaintiff, LAURA DiCHRISTOFANO, was lawfully riding suddenly stopped and jerked, throwing

14

the Plaintiff forward and causing her to twist her body and impact the descending steps of said escalator awkwardly and unnaturally, severely injuring herself.

18.     As a further direct and proximate cause of one or more of the aforementioned negligent acts and/or omissions of Defendant, OTIS ELEVATOR COMPANY, Plaintiff, LAURA DiCHRISTOFANO, sustained severe, permanent, and painful injuries, both internally and externally, requiring extensive and expensive medical treatment, and will continue to require same, for which she has become liable for and will continue to become liable for large sums of money endeavoring to become healed, was and will be prevented from attending the usual duties and affairs of her life, and lost and continues to lose the value of that time.

WHEREFORE, Plaintiff, LAURA DiCHRISTOFANO, demands judgment against Defendant, OTIS ELEVATOR COMPANY in the amount in excess of FIFTY THOUSAND DOLLARS ($50,000).

J. Ryan Potts
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street, 31st Floor
Chicago, Illinois 60602
(312) 899-9090
Attorney # 32640

Attorney for Plaintiff

15

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

LAURA DiCHRISTOFANO,               )
                                   )
        Plaintiff,                 )
                                   )
v.                                 )      No.  2006 L 009971
                                   )
THE NEIMAN-MARCUS GROUP, INC.,     )
OTIS ELEVATOR COMPANY, and         )
UNITED TECHNOLOGIES                )
COPORATION,                        )
                                   )
        Defendant.                 )

### THE NEIMAN-MARCUS GROUP, INC.'S
### ANSWER TO PLAINTIFF'S COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES

**NOW COMES** Defendant, THE NEIMAN-MARCUS GROUP, INC.

("NEIMAN-MARCUS"), by and through its attorneys, BELGRADE AND

O'DONNELL, P.C., and for its Answer to Plaintiff's Complaint at

Law, states as follows:

### COUNT I
### NEGLIGENCE – THE NEIMAN-MARCUS GROUP, INC.

1.    NEIMAN-MARCUS lacks sufficient information to either

admit or deny the allegations contained in Paragraph 1 and

therefore, neither admits nor denies the same but demands strict

proof thereof.

2.    NEIMAN-MARCUS admits the allegations of Paragraph 2.

3.    NEIMAN-MARCUS admits only that on November 17, 2004,

it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center

Mall, in the City of Oakbrook, County of DuPage, State of



Illinois. NEIMAN-MARCUS denies all other allegations of
Paragraph 3, insofar as they have been not been admitted.

4.    NEIMAN-MARCUS admits only that on November 17, 2004,
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois. NEIMAN-MARCUS denies all other allegations of
Paragraph 4, insofar as they have been not been admitted.

5.    NEIMAN-MARCUS admits only that on November 17, 2004,
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois. NEIMAN-MARCUS denies all other allegations of
Paragraph 5, insofar as they have been not been admitted.    6.

6.    NEIMAN-MARCUS admits only that on November 17, 2004,
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois. NEIMAN-MARCUS denies all other allegations of
Paragraph 6, insofar as they have been not been admitted.

7.    NEIMAN-MARCUS admits only that on November 17, 2004,
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois. NEIMAN-MARCUS denies all other allegations of
Paragraph 7, insofar as they have been not been admitted.

8.    NEIMAN-MARCUS admits only that on November 17, 2004,
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center

2

Mall, in the City of Oakbrook, County of DuPage, State of Illinois. NEIMAN-MARCUS denies all other allegations of Paragraph 8, insofar as they have been not been admitted.

9. NEIMAN-MARCUS admits only that at all relevant times there were escalators for use by its customers at the store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 9 insofar as they have been not been admitted.

10. NEIMAN-MARCUS admits only that at all relevant times it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois and that there were escalators for use by its customers at the store. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 10 insofar as they have been not been admitted.

11. NEIMAN-MARCUS admits only that at all relevant times it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois and that there were escalators for use by its customers at the store. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 11 insofar as they have been not been admitted.

12. NEIMAN-MARCUS admits only that at all relevant times it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois and that there were escalators for use by its customers at the store. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 12 insofar as they have been not been admitted.

13. NEIMAN-MARCUS lacks sufficient information to either admit or deny the allegations contained in Paragraph 13 and therefore, neither admits nor denies the same but demands strict proof thereof. In the alternative, the allegations of Paragraph 13 are denied.

14. NEIMAN-MARCUS lacks sufficient information to either admit or deny the allegations contained in Paragraph 14 and therefore, neither admits nor denies the same but demands strict proof thereof. In the alternative, the allegations of Paragraph 14 are denied.

15. NEIMAN-MARCUS admits only that on November 17, 2004, its customers could use the escalators to access different floors of the premises. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 15 insofar as they have been not been admitted.

16. NEIMAN-MARCUS denies the allegations contained in Paragraph 16.

4

17.  NEIMAN-MARCUS denies the allegations contained in Paragraph 17.

18.  NEIMAN-MARCUS admits only that, to the extent that any duty was imposed by law, said duty was not breached and was not otherwise violated by NEIMAN-MARCUS.  Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 18 insofar as they have not been admitted.

19.  NEIMAN-MARCUS denies the allegations contained in Paragraph 19, including, but not limited to, subparagraphs (a) through (f), inclusive.

20.  NEIMAN-MARCUS denies the allegations contained in Paragraph 20.

21.  NEIMAN-MARCUS denies the allegations contained in Paragraph 21.

**WHEREFORE**, Defendant, THE NEIMAN-MARCUS GROUP, INC., denies that Plaintiff, LAURA DiCHRISTOFANO, is entitled to judgment in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint at Law with prejudice and award Defendant, NEIMAN-MARCUS GROUP, INC., its costs and all other relief as deemed just and equitable.

5

## COUNT II
## NEGLIGENCE - COMMON CARRIER - THE NEIMAN-MARCUS GROUP, INC.

1.   NEIMAN-MARCUS lacks sufficient information to either admit or deny the allegations contained in Paragraph 1 and therefore, neither admits nor denies the same but demands strict proof thereof.

2.   NEIMAN-MARCUS admits the allegations of Paragraph 2.

3.   NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois.  NEIMAN-MARCUS denies all other allegations of Paragraph 3, insofar as they have been not been admitted.

4.   NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois.  NEIMAN-MARCUS denies all other allegations of Paragraph 4, insofar as they have been not been admitted.

5.   NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois.  NEIMAN-MARCUS denies all other allegations of Paragraph 5, insofar as they have been not been admitted.   6.

6.   NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center

Mall, in the City of Oakbrook, County of DuPage, State of Illinois. NEIMAN-MARCUS denies all other allegations of Paragraph 6, insofar as they have been not been admitted.

7. NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois. NEIMAN-MARCUS denies all other allegations of Paragraph 7, insofar as they have been not been admitted.

8. NEIMAN-MARCUS admits only that on November 17, 2004, it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois. NEIMAN-MARCUS denies all other allegations of Paragraph 8, insofar as they have been not been admitted.

9. NEIMAN-MARCUS admits only that at all relevant times there were escalators for use by its customers at the store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois. Answering further, NEIMAN-MARCUS denies the rest and remaining allegations of Paragraph 9 insofar as they have been not been admitted.

10. NEIMAN-MARCUS admits only that at all relevant times it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center Mall, in the City of Oakbrook, County of DuPage, State of Illinois and that there were escalators for use by its customers at the store. Answering further, NEIMAN-MARCUS denies the rest

7

and remaining allegations of Paragraph 10 insofar as they have
been not been admitted.

11.  NEIMAN-MARCUS admits only that at all relevant times
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois and that there were escalators for use by its customers
at the store.  Answering further, NEIMAN-MARCUS denies the rest
and remaining allegations of Paragraph 11 insofar as they have
been not been admitted.

12.  NEIMAN-MARCUS admits only that at all relevant times
it operated the NEIMAN-MARCUS store located at 6 Oakbrook Center
Mall, in the City of Oakbrook, County of DuPage, State of
Illinois and that there were escalators for use by its customers
at the store.  Answering further, NEIMAN-MARCUS denies the rest
and remaining allegations of Paragraph 12 insofar as they have
been not been admitted.

13.  NEIMAN-MARCUS denies the allegations of Paragraph 13.

14.  NEIMAN-MARCUS denies the allegations of Paragraph 14.

15.  NEIMAN-MARCUS denies the allegations of Paragraph 15,
including, but not limited to, subparagraphs (a) through (f),
inclusive.

16.  NEIMAN-MARCUS denies the allegations of Paragraph 16.

17.  NEIMAN-MARCUS denies the allegations of Paragraph 17.

**WHEREFORE,** Defendant, THE NEIMAN-MARCUS GROUP, INC., denies that Plaintiff, LAURA DiCHRISTOFANO, is entitled to judgment in any amount whatsoever, and further prays that this court dismiss Plaintiff's Complaint at Law with prejudice and award Defendant, NEIMAN-MARCUS GROUP, INC., its costs and all other relief as deemed just and equitable.

## COUNT III – NEGLIGENCE – UNITED TECHNOLOGIES CORPORATION

The allegations contained in Count III of Plaintiff's Complaint at Law are not directed at or against NEIMAN-MARCUS and therefore, require no answer. In the alternative and to the extent that any of the allegations contained in Count III could be construed as being addressed at or against NEIMAN-MARCUS, NEIMAN-MARCUS denies each and every allegation directed at or against it.

## COUNT III [sic] – NEGLIGENCE – OTIS ELEVATOR COMPANY

The allegations contained in the second Count III [sic] of Plaintiff's Complaint at Law are not directed at or against NEIMAN-MARCUS and therefore, require no answer. In the alternative and to the extent that any of the allegations contained in Count III [sic] could be construed as being addressed at or against NEIMAN-MARCUS, NEIMAN-MARCUS denies each and every allegation directed at or against it.

9

## AFFIRMATIVE DEFENSE

Without prejudice to its denials, and any and all other statements made in the Answer, Defendant, THE NEIMAN-MARCUS GROUP, INC. ("NEIMAN-MARCUS"), states as its separate and its complete defense to Plaintiff's Complaint at Law, as follows:

## First Affirmative Defense

1.    It was the duty of Plaintiff, LAURA DiCHRISTOFANO ("DiCHRISTOFANO"), before and at the time of the occurrence alleged in her Complaint at Law, to exercise due care and caution for her own safety and in a matter so as not to injure or cause injury or damages to herself.

2.    Notwithstanding said duty, and in breach thereof, DiCHRISTOFANO was guilty of one or more of the following acts or omissions of negligence, misconduct or fault:

   a.   Failed to observe a condition that was open and obvious to all;

   b.   Failed to exercise due care to avoid the condition of which she now complains; and

   c.   Failed to exercise due care and caution for her own safety; and

   d.   Was otherwise careless and negligent in causing her own injuries.

3.    The aforementioned negligence, misconduct and/or fault of DiCHRISTOFANO contributed in whole or in part, to proximately cause the alleged injuries and damages for which she seeks recovery.

10

4.    As a result of the negligence, misconduct and/or fault of DiCHRISTOFANO, she is precluded from any recovery from Defendant, NEIMAN-MARCUS, or in the alternative, any damages awarded to DiCHRISTOFANO, shall be diminished in proportion to the amount of negligence, misconduct and/or fault attributable to DiCHRISTOFANO.

## Second Affirmative Defense

If NEIMAN-MARCUS is found to be liable (said liability being expressly denied), NEIMAN-MARCUS is only severally liable for any damages, other than medical and medically related expenses, to the extent that any alleged fault on the part of NEIMAN-MARCUS is less than twenty-five percent (25%) of the total fault attributable to all other persons and/or entities also at fault, pursuant to 735 ILCS § 5/2-1117.

## Third Affirmative Defense

The allegations contained in Count Two of Plaintiff LAURA DiCHRISTOFANO'S Complaint at Law are insufficient in fact and insufficient in law to state a claim upon which relief can be granted, including but not limited to the fact that NEIMAN-MARCUS was not a "common carrier" and no proper cause of action can be asserted against NEIMAN-MARCUS as a "common carrier" due to escalators being present and used in its store.

**WHEREFORE**, Defendant, THE NEIMAN-MARCUS GROUP, INC., denies that Plaintiff, LAURA DiCHRISTOFANO, is entitled to judgment in

11

any amount whatsoever, and further prays that this Court dismiss Plaintiff's Complaint at law with prejudice and award Defendant THE NEIMAN-MARCUS GROUP, INC., its costs and all other relief as deemed just and equitable.

**NEIMAN-MARCUS GROUP, INC.,**

By: _____
One of Its Attorneys

George M. Velcich
James Saranteas
Ryan L. Eddings
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive
Suite 1900
Chicago, Illinois 60606
(312) 422-1700
Firm I.D. 31423

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

2007 MAR 14 PM 3: 33

LAURA DiCHRISTOFANO,                    )
        Plaintiff,                      )       DOROTHY BROWN
                                        )       CLERK OF THE CIRCUIT COURT
v.                                      )   No.  OF COOK COUNTY, IL
                                        )       2006L001497 1L
THE NEIMAN-MARCUS GROUP, INC.,)
OTIS ELEVATOR COMPANY, and              )
UNITED TECHNOLOGIES                     )
CORPORATION,                            )
        Defendants.                     )

## DEFENDANT, THE NEIMAN-MARCUS GROUP, INC.'S, REQUEST TO ADMIT TO PLAINTIFF LAURA DiCHRISTOFANO

**NOW COMES** Defendant, THE NEIMAN-MARCUS GROUP, INC.,

("NEIMAN-MARCUS"), by and through its attorneys, BELGRADE AND

O'DONNELL, P.C., and propounds the following Request to Admit to

Plaintiff, LAURA DiCHRISTOFANO ("DiCHRISTOFANO"), to be answered

in writing, under oath, pursuant to the applicable Illinois Code

of Civil Procedure and Illinois Supreme Court Rules, within 28

days after service:

1.   Admit that Plaintiff seeks damages in excess of

$75,000.00.

**RESPONSE:**

                            **THE NEIMAN-MARCUS GROUP**

                            By: _____
                                One of Its Attorneys

James Saranteas
Ryan L. Eddings
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700



## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LAURA DiCHRISTOFANO,

      Plaintiff,

v.

THE NEIMAN-MARCUS GROUP, INC.,
OTIS ELEVATOR COMPANY, and
UNITED TECHNOLOGIES
COPORATION,

      Defendant.

FILED 3 - 10

2007 MAR 14 PM 3: 33

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

No. 06 L 009971

## NOTICE OF FILING

To: Clifford Law Offices, P.C.
120 North LaSalle Street
31st Floor
Chicago, Illinois 60602

**PLEASE TAKE NOTICE** that on the 14th day of March, 2007, we filed with the Clerk of the Circuit Court of Cook County, **THE NEIMAN-MARCUS GROUP, INC.'S REQUEST TO ADMIT TO PLAINTIFF LAURA DiCHRISTOFANO**, a copy of which is herewith served upon you.

                        **NEIMAN-MARCUS GROUP, INC.,**

                        By: _____
                            One of Its Attorneys

James Saranteas
Ryan L. Eddings
**BELGRADE AND O'DONNELL, P.C.**
20 North Wacker Drive, Suite 1900
Chicago, Illinois 60606
(312) 422-1700
Firm I.D. 31423

## CERTIFICATE OF SERVICE

James Saranteas, one of the attorneys for Defendants, **THE NEIMAN-MARCUS GROUP, INC.**, certifies that the within NOTICE OF FILING and related documents were served upon all counsel of record by mailing copies of the same on this 14th day of March, 2007.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LAURA DICHRISTOFANO, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| THE NEIMAN MARCUS GROUP, INC.,) | |
| OTIS ELEVATOR COMPANY AND ) | |
| UNITED TECHNOLOGIES ) | |
| CORPORATION ) | |
| ) | |
|     Defendants. ) | |

### AFFIDAVIT OF ROSS M. KUCERA

The Affiant, being first duly sworn on oath, deposes and states as follows:

1. The Affiant is one of the attorneys for the Defendant, THE NEIMAN MARCUS GROUP, INC., ("NEIMAN MARCUS"),in the case currently entitled LAURA DICHRISTOFANO v. THE NEIMAN MARCUS GROUP, INC., OTIS ELEVATOR COMPANY, and UNITED TECHNOLOGIES CORPORATION, Case No. 06 L 9971 now pending in the Circuit Court of Cook County, Illinois.

2. Plaintiff, LAURA DICHRISTOFANO, filed her Complaint At Law in the Circuit Court of Cook County, Illinois on September 20, 2006. Exhibit "A" to the instant Removal is a true and correct copy of Plaintiffs' Complaint at Law ("Complaint").

3. Plaintiff, LAURA DICHRISTOFANO, by and through her attorneys, CLIFFORD LAW OFFICES, P.C., has represented by having



signed said Complaint that Plaintiffs seek damages in excess of $50,000.00.

4. On March 13 2007 NEIMAN MARCUS' attorneys filed their appearance and filed its Answer and Affirmative Defenses to Plaintiffs' Complaint at Law in the state court. Exhibit "B" to the instant Removal is a true and correct copy of Defendant's Answer and Affirmative Defenses to Plaintiffs' Complaint at Law ("Answer").

5. Counsel for NEIMAN MARCUS had been provided medical records from Plaintiff's counsel purporting to indicate injuries to Plaintiff's left humerus and left hip.

6. On March 14, 2007, counsel for NEIMAN MARCUS caused to be served on Plaintiffs' counsel a Request to Admit that "Plaintiff seeks damages in excess of $75,000.00." Exhibit "C" to the instant Notice of Removal of a Civil Action is a true and correct copy of said Request to Admit (with Certificate of Service).

7. To date, Plaintiff has failed to file an amended response to NEIMAN MARCUS Request to Admit. Pursuant to Illinois Supreme Court Rule 216 said Request to Admit is deemed admitted that, "the amount of recovery sought by plaintiff, LAURA DICHRISTOFANO, exclusive of costs and interest, is in excess of Seventy-Five Thousand Dollars ($75,000.00)."

8. On or about April 11, 2007, by and through, in part, the medical records of Plaintiff provided by Plaintiff's counsel, as well as not having received Plaintiff's amended response to NEIMAN MARCUS request to admit confirming the amount sought exceeds the jurisdictional minimum of $75,000.00, Affiant first ascertained that the case was one that is removable.

9. Based upon the foregoing, the Affiant in good faith believes that the amount in controversy exceeds $75,000.00.

10. After speaking with counsel for the co-Defendants, OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION, they are in agreement that upon information and belief, the amount of damages sought by Plaintiff exceeds $75,000.00.

11. THE NEIMAN MARCUS GROUP, INC., upon information and belief, is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Texas; Co-Defendant Otis Elevator Company, upon information and belief, is and was a corporation incorporated under the laws of the State of New Jersey with its principal place of business in the State of Connecticut; Co-Defendant United Technologies Corporation, upon information and belief, is and was a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Connecticut.

3

12. In addition, Plaintiff's Complaint At Law, signed by her through her attorney, confirm that Plaintiff LAURA DICHRISTOFANO is an Illinois resident.

13. The Affiant has personal knowledge of the matters contained in this affidavit, and if sworn as a witness, can competently testify to the matters contained herein.

_____
Ross M. Kucera

Subscribed and sworn to before me
this 24 day of April 2007.

_____
Notary Public

OFFICIAL SEAL
BARBARA E. SHANAHAN
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 10-20-2008

4

PCR/JJC                    55225-6-71                    Atty No. 37574

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LAURA DiCHRISTOFANO,                    )
                                        )
      Plaintiff,                   )
                                        )
      v.                          )          No. 2006 L 009921
                                        )
THE NEIMAN-MARCUS GROUP, INC.,          )
OTIS ELEVATOR COMPANY, and              )
UNITED TECHNOLOGIES CORPORATION,        )
                                        )
      Defendants.                 )

### APPEARANCE AND JURY DEMAND*

    The undersigned, as attorney, enters the Appearance of the Defendants, OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION.

                                                    One of Its Attorneys

Perry C. Rocco
James J. Chandler
MENGES & MOLZAHN, LLC
20 North Clark Street
Suite 2300
Chicago, IL 60602-5002
Ph: 312/917-1880
Fax: 312/917-1851

*     Defendant demands trial by jury.

    The undersigned, an attorney, certifies that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

Doc 317075_1



PCR/JJC                                55225-6-71                          Atty No. 37574

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LAURA DiCHRISTOFANO,                        )
                                            )
      Plaintiff,                            )
                                            )
     v.                                     )       No. 2006 L 009971
                                            )
THE NEIMAN-MARCUS GROUP, INC.,              )
OTIS ELEVATOR COMPANY, and                  )
UNITED TECHNOLOGIES CORPORATION,            )
                                            )
      Defendants.                           )

## NOTICE OF FILING

TO:    Clifford Law Offices, 120 N. LaSalle Street, Suite 3100, Chicago, IL 60602

PLEASE TAKE NOTICE that on the 26th day of February, 2007, there was filed with the Clerk of the Circuit Court of Cook County, Illinois defendants, OTIS ELEVATOR COMPANY and UNITED TECHNOLOGIES CORPORATION's, Appearance and Jury Demand, copies of which are attached hereto.

                        OTIS ELEVATOR COMPANY and UNITED
                        TECHNOLOGIES CORPORATION

                        By:_____
                                   One of Its Attorneys

Menges & Molzahn, LLC
20 North Clark Street, Suite 2300
Chicago, Illinois 60602
T: (312) 917-1880
F: (312) 917-1851
Attorney No. 37574

## PROOF OF SERVICE

The Undersigned, being first duly sworn on oath, deposes and says that she served the foregoing Notice of Filing and the above-mentioned referred to therein by faxing/mailing a copy to the above-named attorney(s) at the number(s)/address(es) indicated above and deposited the same in the U.S. Mail at 20 N. Clark Street, Chicago, Illinois on the 26th day of February, 2007.

Subscribed and sworn to before me
this 26th day of February, 2007.

*Heather J. Hendren*
NOTARY PUBLIC

Official Seal
Heather L. Hendren
Notary Public State of Illinois
Doc #2235 My Commission Expires 03/27/07