UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| Laura DiChristofano, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 07 C 2250 |
| | ) | |
| | ) | Judge Virginia M. Kendall |
| The Neiman Marcus Group, Inc. | ) | |
| Otis Elevator Company; United | ) | |
| Technologies Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Laura DiChristofano ("DiChristofano") brought a personal injury action in Illinois state court alleging negligence on the part of Defendants The Neiman Marcus Group, Inc. ("Neiman Marcus"), Otis Elevator Company, and United Technologies Corporation. The case was removed to this Court on diversity grounds. In Count II of her Complaint, DiChristofano alleges that The Neiman Marcus Group, Inc. is liable for her injuries because it failed to exercise the high degree of care required of a common carrier operating escalators on its premises. Neiman Marcus moves to dismiss Count II of the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For reasons stated herein, Neiman Marcus' Motion to Dismiss is granted with prejudice.

**Plaintiff's Allegations**

At the motion to dismiss stage, all of the plaintiff's allegations are accepted as true. On November 17, 2004, DiChristofano was riding on an escalator at a Neiman Marcus retail store in Oak Brook, Illinois, when it stopped and jerked, causing her to fall. Compl. Count II, ¶ 16. Neiman Marcus oversaw the operation of the escalators at its shopping facility at the time of DiChristofano's

accident. *Id.* ¶ 10. Count I of DiChriofano's Complaint pleads that Neiman Marcus owed her a duty of reasonable care in maintaining a safe premises. Count II pleads that Neiman Marcus owed DiChristofano a duty to exercise the highest degree of practical care in protecting her from injury because an escalator is a common carrier. *Id.* ¶ 14.

**Standard**

When considering a Rule 12(b)(6) motion, the court must accept as true all of the allegations in the complaint and construe all reasonable inferences in favor of the plaintiff. *See Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). In order to state a claim, a plaintiff must allege facts that plausibly suggest he is entitled to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 2007 WL 1461066, *8 (May 21, 2007). To allege plausible grounds for relief, the complaint must allow a "reasonable expectation" that discovery will reveal evidence of illegality. *Id.* at 1965.

**Discussion**

Count II of DiChristofano's Complaint pleads that Neiman Marcus owed DiChristofano a duty to exercise the highest degree of practical care in protecting her from injury because an escalator is a common carrier. Neiman Marcus moves to dismiss Count II on the basis that an escalator is not a common carrier, and therefore, Neiman Marcus owed DiChristofano a duty of reasonable care and caution under all of the circumstances to keep the premises reasonably safe for DiChristofano's use.

In Illinois, a common carrier has a duty to exercise the "utmost diligence and care" and is liable for even slight negligence. *Galena & Chicago Union R.R. v. Yarwood*, 15 Ill. 468, 471, 1854 WL 4720, *3 (June Term, 1854). Prior to 1967, the key Illinois decision dealing with the duty of care owed to a person on an escalator was *Heffernan v. Mandel Brothers.* 17 N.E.2d 523 (Ill. App.

Ct. 1938)(an escalator is a common carrier and as such the operator owes passengers the highest practical degree of care for their safety.) DiChristofano relies on the *Heffernan* rule in her Response to Neiman Marcus' Motion to Dismiss, in spite of subsequent Illinois Supreme Court case law rejecting that proposition. See *Tolman v. Wieboldt Stores, Inc.*, 38 Ill.2d 519, 524, 233 N.E.2d 33, 36 (Ill. 1967). The *Tolman* Court discarded the *Heffernan* rule that an escalator is a common carrier. *Id*. It distinguished a train, bus, or elevator from an escalator by recognizing that an escalator user "may actively participate in a manner similar to the use of a stairway, and may contribute to his own safety." *Id*. For that reason, the Court held that escalator operators have "the duty to use reasonable care and caution under all the circumstances to keep the premises reasonably safe for use by the plaintiff." *Id.* The duty to exercise "reasonable care and caution" is the duty owed to any business invitee and is less demanding than the common carrier's duty to exercise the "utmost diligence and care." *Id.*

DiChristofano argues that the Illinois Pattern Jury Instructions ("IPI") reflect that an escalator is classified as a common carrier. Pl.'s Resp. to Def.'s Mot. p. 3; citing Ill. Pattern Jury Instr.-Civ. 100.00 (West 2006).[1] IPI are to be given to juries when applicable, "*unless the court determines that it does not accurately state the law.*" Ill. S. Ct. Rule 239(a) (West 2007) (emphasis added); *accord*, *Aliotta v. National R.R. Passenger Corp.*, 315 F.3d 756, 764 (7th Cir. 2003). As established above, classifying escalators as common carriers is a misstatement of current Illinois law and this Court will not follow IPI 100.00 for that reason. Additionally, IPI are not legal precedent and in this instance

---

[1] DiChristofano also relies on *Suarez v. Trans World Airlines, Inc.*, 498 F.2d 612 (7th Cir. 1974), to argue that *Heffernan* accurately states Illinois law. However, the *Suarez* court merely references *Heffernan* in a footnote for the sole purpose of illustrating Illinois law on common carriers. Also, because this Court sits in diversity, it must follow state substantive law as determined by the Illinois Supreme Court, as opposed to the Seventh Circuit. *See Charter Oak Fire Ins. Co. v. Hedeen & Companies, C.V.*, 280 F.3d 730, 735 (7th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)).

do not even offer helpful guidance, because the applicable instruction does not accurately state the current Illinois law on whether escalators are common carriers.  *See Id.*

**Conclusion**

In light of the *Tolman* decision, Count II of DiChristofano's Complaint does not allege plausible grounds for relief.  Neiman Marcus can not be held liable under the theory that it was obligated to exercise the highest practical degree of care because an escalator is not a common carrier under Illinois law.[2]  Wherefore, Neiman Marcus' Motion to Dismiss Count II of the Complaint is granted, and Count II is dismissed with prejudice.

So ordered.

_____
Virginia M. Kendall, United States District Judge
Northern District of Illinois

Date:  July 11, 2007

---

[2] *See Ludgin v. John Hancock Mutual Life Ins. Co.*, 495 N.E.2d 1237, 1240 (Ill. App. Ct. 1986); *Stach v. Sears, Roebuck & Co.*, 429 N.E.2d 1242, 1253 (Ill. App. Ct. 1981) (both citing *Tolman*, 233 N.E.2d 33).